**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI
CIVIL NO. 09-758-HJW-JGW**

| | |
|---|---|
| **THE UNION CENTRAL LIFE INSURANCE COMPANY,** | **PLAINTIFF** |
| vs. | |
| **ANDRAOS CAPITAL MANAGEMENT & INSURANCE SERVICES, INC., d/b/a ANDRAOS CAPITOL MANAGEMENT,** *et al.*, | **DEFENDANTS** |

### REPORT AND RECOMMENDATION[1]

This civil action is before the Court on Defendants' motion to dismiss Plaintiff's complaint pursuant to Rules 12(b)(2), (3) and (6) of the Federal Rules of Civil Procedure (Doc. 7) and the parties' responsive memoranda (Docs. 13, 14).

### I. FACTS

Plaintiff The Union Central Life Insurance Company ("Plaintiff") is a Nebraska corporation with its principal place of business located in Forest Park, Ohio. (Doc. 1, ¶ 1). Defendant Andraos Capital Management ("ACM") is a California corporation with its principal place of business located in Glendale, California. (*Id.* at ¶ 2). Defendant John Andraos is a citizen of California. (*Id.* at ¶ 3). (ACM and Mr. Androas collectively referred hereinafter as "Defendants").

On September 1, 2007, Plaintiff and ACM entered into a written contract titled "Broker Contract" wherein Plaintiff appointed ACM its broker for purposes of, *inter alia*,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

soliciting and selling Plaintiff's insurance products. (Doc. 1, ¶ 6).

Thereafter, on September 4, 2007, ACM executed a promissory note ("Note 1") in favor of Plaintiff in the principal amount of $200,000.00, wherein ACM agreed to satisfy Note 1 within fifteen days of the occurrence of an event in default. (*Id*. at ¶ 7). Under the terms of Note 1, termination of the Broker Contract constituted default. According to Defendants, Note 1 was ramp up money to cover the initial cost of ramping up Plaintiff's insurance agency in California. (Doc. 7, Andraos Aff. ¶ 11).

On January 22, 2009, ACM executed an additional promissory note ("Note 2") in favor of Plaintiff in the principal amount of $250,000.00, wherein ACM agreed to satisfy Note 2 within fifteen days after its "due date." Pursuant to Note 2, the due date was March 31, 2009. According to Defendants, Note 2 was executed as a temporary fix after Plaintiff rejected Defendants' reimbursement request for the month of December. (Doc. 7, Andraos Aff. ¶ 12). Plaintiff alleges that Defendants have failed to satisfy Note 2 by April 15, 2009, in breach of the terms of the Note.

On September 30, 2009, the Broker Contract was terminated, and the complaint alleges that the unpaid principal balance on Note 1 was due and payable 15 days later, *i.e.* October 15, 2009. Plaintiff alleges that Defendants failed to satisfy Note 1 by October 15, 2009, in breach of the terms of the Note.

Notes 1 and 2 provide that payment is to be made at Plaintiff's office in Forest Park, Ohio. (Doc. 1, Exs. B, C). Notes 1 and 2 further provide that they "shall in all respects be governed in all respects by, and construed in accordance with the laws of the

State of Ohio, including all matters of construction, performance, validity and lawful interest rate." (*Id.*)

## II. ANALYSIS

Defendant argues that this matter should be dismissed pursuant to Rules 12(b)(2),(3), and (6). Each assertion will be addressed in turn.

   A.   *Personal Jurisdiction*

Defendants assert, *inter alia,* that they did not purposefully availed themselves of the forum, nor do they have minimum contacts with Ohio. Thus, Defendants argue that Plaintiff's complaint should be dismissed for lack of personal jurisdiction.

   1.   *Standard of Review*

Two conditions must be met for a federal court to exercise personal jurisdiction over a defendant: (1) the defendant must fall within the long-arm statute of the state in which the federal court sits and (2) the Due Process Clause of the U.S. Constitution must permit the exercise of such jurisdiction. *Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir.1998).

Under Ohio's long-arm statute, "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's ... [t]ransacting any business in this state." Ohio Rev. Code Ann. § 2307.382(A). Under Ohio law, "transacting business" is viewed broadly and permits the Court to exercise jurisdiction not only in breach of contract cases but in case in which only preliminary negotiations were involved. *Ricker v. Fraza/Forklifts of Detroit*, 160 Ohio App.3d 634

(2005). *See also Ky. Oaks Mall Co. v. Mitchell's Formal Wear*, 53 Ohio St.3d 73, 559 N.E.2d 477, 480 (1990) (" 'Transact' ... embraces in its meaning the carrying on or prosecution of business negotiations ... and may involve business negotiations which have been either wholly or partly brought to a conclusion.").

Dismissal of Plaintiff's complaint for lack of personal jurisdiction is proper only if all the facts which Plaintiff alleges fail to state a *prima facie* case of jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458, (6th Cir. 1991). Where, as here, the district court is asked to rely solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than conducting an evidentiary hearing or limited discovery, the plaintiff's burden is relatively slight. *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir.2002). The court "must consider the pleadings and affidavits in the light most favorable to the plaintiff," *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980), and need only find that the "plaintiff has set forth specific facts that support a finding of jurisdiction in order to deny the motion to dismiss." *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir.2006).

Furthermore, the Sixth Circuit employees a three-part test for determining whether the exercise of personal jurisdiction over an out-of-state defendant comports with due process:

    (1)    The defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.

    (2)    The cause of action must arise from the defendant's activities there; and

>> (3) The acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir.1968).

Additionally, under Ohio law, personal jurisdiction can be established specifically or generally, notably:

> Jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum.

*Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996) (citation omitted). Plaintiff asserts that the Court's jurisdiction is both general and specific. Each assertion will be addressed in turn.

### 2. General Jurisdiction

General jurisdiction exists when a defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 & nn 8-10 (1984); *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989).

Plaintiff maintains that jurisdiction exists generally because Defendants, as Plaintiff's agents and employee, solicited thousands of policies in California on Plaintiff's behalf. Such solicitation required Defendants and their representatives to engage in repeated telephonic and electronic mail communication to Plaintiff's office in Ohio in

order to transmit applications, underwriting materials, and other information regarding applications multiple times per day, every business day, throughout the course of Plaintiff and Defendants' nearly two- year business relationship. (Doc. 13, Verbryke Aff. ¶ 9).

Furthermore, throughout the course of Defendants' agency and employment relationship with Plaintiff, Plaintiff asserts that Defendant Andraos traveled to Plaintiff's Forest Park, Ohio office and other areas in the state of Ohio between five and ten occasions. (Doc. 13, Verbryke Aff. ¶ 11). Based on the foregoing, Plaintiff asserts that the Court may properly invoke general jurisdiction.

The undersigned agrees, and finds that Defendants, acting as Plaintiff's agent, engaged in substantial, continuous, and systematic contacts with Ohio, therefore satisfying the "doing business" requirement of general jurisdiction. *Helicopteros*, 466 U.S. 408, 416-17 (1984).

      3.    *Specific Jurisdiction*

Specific jurisdiction "exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Industries*, 106 F.3d 147, 149 (6th Cir.1997) (quoting *Helicopteros,* 466 U.S. 408, 414-15). In order for Plaintiff to state a *prima facie* case for specific jurisdiction, it must show that: (1) Ohio's long arm statute and applicable Civil Rule confer personal jurisdiction; and (2) granting jurisdiction under the statute and Civil Rule does not deprive defendants of the right to due process of law pursuant to the Fourteenth Amendment. *U.S. Sprint Communications Co., Ltd Partnership v. Mr. K's Foods, Inc.*,

68 Ohio St. 3d 181 (1994).

Due process mandates that jurisdiction be exercised only if the Defendant has sufficient "minimum contacts" with Ohio such that summoning Defendants to defend in Ohio would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

   a. *Purposeful Availment*

As indicated above, in order to exercise specific personal jurisdiction over an out-of-state defendant, that defendant must have purposefully availed himself of "the privilege of acting in the forum state or causing a consequence in the forum state." *Southern Machine.*, 401 F.2d at 381. Thus, the first prong of the *Southern Machine* analysis is established: (1) when a defendant conducts business, creates obligations, or sets in motion business operations in a state, (2) where that conduct has an impact on that state's commerce, and (3) in cases where the defendant "should have reasonably foreseen that the transaction would have consequences in that state." *Id*. at 382-83.

The Sixth Circuit has held that a single "substantial business contract" can satisfy the requirements of purposeful availment. *In- Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 227 (6th Cir.1972). Furthermore, when "a nonresident defendant transacts business by negotiating and executing a contract via telephone calls and letters to an Ohio resident, then the defendant has purposefully availed himself of the forum by creating a continuing obligation in Ohio." *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998).

Accordingly, the undersigned finds that the first prong of the *Southern Machine* analysis is satisfied as Defendants purposefully availed themselves of the benefits of transacting business with an Ohio corporation. The record viewed in favor of Plaintiff reveals that Defendants executed two Promissory Notes in favor of Plaintiff, and the Notes were negotiated between Defendants and Plaintiff by way of telephone conferences between Ohio and California. Upon their execution, the Notes were sent to Plaintiff in Ohio, where payment was to be tendered pursuant to the terms of the Notes. *Kehoe Component Sales, Inc. v. Best Lighting Products, Inc*., Case No. 2:08-cv-752, 2009 WL 2591757, 6 (S.D. Ohio Aug. 19, 2009) (By developing the business relationship, and negotiating, inducing, and signing a contract in Ohio, Defendant purposefully availed himself of the privilege of acting in Ohio)

As noted above, a substantial contract can be the basis for a showing of purposeful availment. *In-Flight Devices,* 466 F.2d at 227; *See also*, *SunCoke Energy Inc., v. MAN Ferrostaal Aktiengesellschaft*, 563 F.3d 211 (6th Cir. 2009) (Personal jurisdiction found in breach of contract action against a foreign Defendant, where Defendant traveled to Tennessee and had sent and received communications about proprietary information that originated in Tennessee); *Genesis v. Alfi*, 425 F. Supp. 2d 876 (S.D. Ohio 2006) (Personal jurisdiction existed over former officers and directors of a non-Ohio corporation that carried on business on a regular basis with an Ohio insurance company).

Accordingly, the aggregate of Defendants' actions show deliberate engagement in significant activities where the Defendants availed themselves of the privilege of

conducting business in Ohio. *Genesis*, 428 F. Supp.2d at 892.

        b.     *This action arises out of the parties' contacts in Ohio*

The "arises from" prong merely means that the plaintiff's cause of action must be "made possible" by or be "connected with" the defendant's contacts with the forum state. *Air Products*, 503 F.3d at 553. This is a "lenient standard." *Id*.

In applying this prong, the Sixth Circuit has held that entering into a contract with a corporation in the forum state is enough to meet the second part of *Southern Machine* in a breach of contract case, since the contract itself "is necessarily the very soil from which the action for breach grew." *In- Flight Devices*, 466 F.2d at 229. Here, the fact that Defendants entered into a contract with an Ohio corporation and the instant action is based upon a breach thereof is sufficient to satisfy the second prong of *Southern Machine*.

        c.     *It is reasonable for Ohio to exercise jurisdiction*

The third prong of the test asks whether a substantial enough connection exists between the defendant and the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine*, 401 F.2d at 381. Jurisdiction is reasonable as long as it comports with "traditional notions of fair play and substantial justice." *CompuServe*, 89 F.3d at 1268 (quoting *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 113 (1987)). Certain factors contribute to whether jurisdiction is reasonable. These factors include: (1) the burden on the defendant to litigate in the state, (2) the interest of the forum state, (3) the plaintiff's interest in obtaining relief, and (4) the interest of other states in securing the most efficient resolution of controversy. *CompuServe*, 89 F.3d at

1268.

Thus, once the first two prongs have been satisfied in favor of exercising personal jurisdiction, a presumption of appropriateness arises and the third prong of the analysis acts only to identify those unusual cases where a state interest cannot be found or jurisdiction would be particularly unreasonable. *See Southern Machine*, 401 F.2d at 384; *see also Cole*, 133 F.3d at 436.

It cannot be disputed that a state has an interest in resolving a suit brought by one of its residents. *Southern Machine*, 401 F.2d at 385 ("when the contract is with a resident of Tennessee, the State's interest in resolving a suit based on the contract and brought by that resident cannot be doubted."); *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir.1982) ("Kentucky has a substantial interest in seeing that its residents get the benefit of their bargain."). Here, Ohio has a substantial interest in resolving this matter, and it is not unreasonable for Ohio to exercise jurisdiction.

Accordingly, based on the satisfaction of the three-prong test in *Southern Machine,* Defendants' motion to dismiss for lack of personal jurisdiction is not well-taken and should be denied.

  B. *Concurrent Jurisdiction*

Defendants further assert that this action must be dismissed because there are two additional actions related to this matter pending in California and in arbitration before the American Arbitration Association ("AAA").

In support of this contention, Defendants rely on the Supreme Court's decision in

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), wherein the Court found that "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." (*Id*. at 817).

However, before the *Colorado River* doctrine can be applied, the District Court must first determine that the concurrent state and federal actions are actually parallel." *Romine v. CompuServe Corp*., 160 F. 3d 337 (6th Cir. 1998). Here, the instant action, the state case, and the arbitration proceeding are not parallel.

The state case was initiated by Defendants, and is based solely on causes of action arising from the Branch Contract, and the claims asserted by Defendants are subject to the Branch Contracts' mandatory arbitration clause.[2] Thus, the state case has been dismissed, and therefore Defendants' assertion of concurrent jurisdiction is moot.

With respect to the arbitration proceeding, ACM is not a party to the arbitration. Furthermore, as with the state case, the claims asserted by Plaintiff in arbitration arise solely from the Branch Contract and are not related to the Notes at issue here.

Accordingly, Defendants' contention that the Court should abstain from exercising jurisdiction due to concurrent jurisdiction of a state court is not well-taken.

C.  *Venue*

---

[2] The Court granted Defendants' motion to compel arbitration and the matter was dismissed on February 9, 2010. *See Androas, et al v. The Union Central Life Ins. Co.*, Case No. 2:09-cv-8815, Doc. 30, 39, (C.D.Ca 2010) The Court found that the matter would be decided by arbitration, and that the arbitration shall take place in California. (*Id.* at Doc. 39).

Defendants further argue that this matter should be dismissed based on improper venue and/or the doctrine of forum *non conveniens*. 28 U.S.C. § 1391(a) provides in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

See also 28 U.S.C. §1406(a). The defendant has the burden of proving that venue is improper. *Amphion, Inc. v. Buckeye Electric Co.*, 285 F.Supp.2d 943, 945 (E.D.Mich. 2003). In order to succeed, the moving party must show that no substantial part of the events giving rise to this claim occurred in the Southern District of Ohio. *See First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir.1998).

Here, the Notes were negotiated, in part in Ohio. Pursuant to the terms of the Notes, payment was to be tendered to Plaintiff in Ohio, and Defendants' alleged breach of the Notes resulted in damages to Plaintiff in Ohio. Significantly, the Notes also contained an Ohio choice-of-law provision, which shows that the parties considered Ohio as a proper forum for any dispute arising under the Notes. Accordingly, a substantial portion of the events or omissions giving rise to the claim occurred in Ohio, and this matter is properly venued in the Southern District of Ohio.

Additionally, Defendants' assertion that this matter be dismissed based on the doctrine of *forum non conveniens* lacks merit. First, transfer and not outright dismissal would be the appropriate recourse in this case. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping*

*Corp.*, 549 U..S. 422, 430, 127 S. Ct. 1184, 1190-1191 (2007)(noting that Congress "has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial"). "The transfer of venue function of the *forum non conveniens* doctrine has been superseded by statute," *see* 28 U.S.C. §1404(a).[3] *See also Genesis*, 425 F. Supp.2d at 895 (quoting *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 722 (1996), additional quotation omitted).

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.); cf. § 1406(a) (The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.); *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (Section 1406(a) "authorize[s] the transfer of [a] cas[e] ... whether the court in which it was filed had personal jurisdiction over the defendants or not.).

*Sinochem Intern. Co. Ltd.,* 549 U.S. at 430. Ultimately, a decision to transfer under §1404(a) lies within the discretion of the district court. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 31-33 (1955).

Defendants in this case argue that the "convenience of witnesses" favors litigation in California. But Defendants' position wholly ignores the fact that most of Plaintiff's witnesses and at least some of the documentary evidence are located in Ohio. Even construing Defendants' motion as one to transfer venue, the motion would be denied. "A motion to transfer venue cannot be used simply to shift the inconvenience of litigation from the defendant to the plaintiff." *Copeland Corp. v. Choice Fabricators, Inc.,* 492 F. Supp.2d 783, 789 (S.D. Ohio

---

[3]The common law doctrine has continuing application and has not been wholly superseded by statute to the extent that it may be invoked to seek dismissal or transfer to an international forum - a fact pattern obviously not at issue here.

2005). This court has already determined that Plaintiff's choice of forum in Ohio is appropriate. Because the interests of justice do not favor transfer to California, the court recommends denial of Defendants' construed alternative motion to transfer venue to California.

### III. CONCLUSION

Accordingly, based on the foregoing, it is **RECOMMENDED HEREIN THAT**:

(1) Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 7) be **DENIED**;

(2) Defendants' motion to dismiss based on improper venue/forum *non conveniens* (Doc. 7) be **DENIED**; and (3) Defendants' motion to dismiss for failure to state a claim upon which relief may be granted (Doc. 7) be **DENIED.**[4]



**DATE: June 16, 2010**                           s/ J. Gregory Wehrman
                                                              J. Gregory Wehrman
                                                              United States Magistrate Judge

---

[4] Defendants' memorandum in support of their motion asserts that "Plaintiff does not state a claim upon which relief can be granted." (Doc. 7, p. 5). However, Defendants' statement does not include any additional supporting assertions and/or argument with respect to dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6). In any event, construing the complaint in the light most favorable to Plaintiff and accepting the well-plead allegations as true, the allegations contained in Plaintiff's complaint state a valid claim(s) for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI
CIVIL NO. 09-758-HJW-JGW

| | |
|---|---|
| THE UNION CENTRAL LIFE<br>INSURANCE COMPANY, | PLAINTIFF |
| vs. | |
| ANDRAOS CAPITAL MANAGEMENT &<br>INSURANCE SERVICES, INC., d/b/a<br>ANDRAOS CAPITOL MANAGEMENT, *et al.*, | DEFENDANTS |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).