UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE UNION CENTRAL LIFE
INSURANCE COMPANY,

           Plaintiff

v.                                      Case No. 1-09-cv-758-HJW

ANDRAOS CAPITAL MANAGEMENT &
INSURANCE SERVICES, INC., d/b/a
ANDRAOS CAPITAL MANAGEMENT,

           Defendants

## ORDER

This matter is before the Court upon the defendants' Motion to Dismiss (doc. no. 7), and the Magistrate Judge's Report and Recommendation (doc. no. 19), which recommended that the motion be denied on all grounds. Defendants filed written objections (doc. no. 22). The Court held a hearing on November 30, 2010, at which respective counsel for the parties presented oral arguments.

Upon a *de novo* review of the record, and having considered the defendants' objections and counsels' oral arguments, the Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the facts of this case. The Court agrees with the recommended findings and conclusions of the Magistrate Judge in the Report and Recommendation and will deny the motion to dismiss, including the defendants' request for abstention.

I. Factual Allegations and Procedural Background

On September 1, 2007, Union Central Life Insurance Company ("UC") and

Andraos Capital Management ("ACM") entered into a contract ("Broker Contract") whereby ACM would solicit and sell UC's insurance products (doc. no. 1, ¶ 6). John Andraos, the CEO of ACM, was hired by UC for this purpose and entered a separate contract ("Branch Manager Contract") (doc. no. 7-4 at 10, ¶ 6). The parties' relationship eventually soured and the contracts were terminated approximately two years later in September of 2009 (doc. no. 1, ¶ 10; doc. no. 14 at 3).

In this court, UC sued Andraos and ACM for defaulting on two promissory notes, totaling $450,00.00, which UC had advanced to defendants. Andraos signed the notes as CEO of ACM. Note 1 in the amount of $200,000.00 (dated September 4, 2007) was for "ramp-up costs" for defendants' insurance agency (doc. no. 7, Andraos Aff. ¶11). Note 2 (dated January 22, 2009) was executed as a temporary fix after UC rejected defendants' reimbursement request for December 2009 (Id. at ¶12). John Andraos signed both notes as CEO of ACM (doc. 1, Ex. B, C). Both notes provide that payment is to be made at Plaintiff's office in Forest Park, Ohio. Both notes specify that they "shall in all respects be governed by, and construed in accordance with the laws of the State of Ohio, including all matters of construction, performance, validity and lawful interest rate." (Id.).

Meanwhile, John Andraos, a citizen of California, filed suit against UC and one hundred of its unnamed Ohio employees in the Superior Court of California, Los Angeles County, Case No. BC418586 (doc. no. 8, Ex. B), alleging breach of covenant of good faith and fair dealing, breach of fiduciary duty, breach of contract, and unfair business practices under California state law (doc. no. 7-4 at 2). That state case was

2

removed to a California federal court, which enforced the arbitration clause in the Branch Manager Contract and ordered the parties to arbitrate their claims (doc. no. 14 at 3). The parties indicate that the case was subsequently dismissed on February 9, 2010 (doc. no. 19, at fn.2, referring to Case No. 2:09-cv-8815 (C.D.Ca. 2010)).

Pursuant to the arbitration clause in the "Broker Contract" (doc. no. 1, Ex. A at 7), plaintiff UC (a Nebraska corporation with its principal place of business in Forest Park, Ohio), separately filed for AAA arbitration of the claims arising out of that contract. The Broker Contract specified that the parties' claims would be arbitrated in Nebraska (Id.). On November 30, 2010, the parties informed the Court that the Nebraska arbitration had been consolidated with the California arbitration by agreement of the parties (and see, doc. no. 22-2 at 5, ¶ 26-28). In the consolidated arbitration, defendants asserted counterclaims, including wrongful discharge, retaliation in violation of public policy, intentional infliction of emotional distress, and promissory fraud (doc. no. 22-2 at 1). The arbitration is still pending (doc. nos. 32, 33 Notices), but was recently suspended for thirty days due to defendants' failure to pay their share of the arbitration fees (doc. no. 35).

In the present case, the defendants have moved to dismiss pursuant to Rule 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure, asserting 1) lack of personal jurisdiction, 2) improper venue and/or *forum non conveniens*, and 3) failure to state a claim upon which relief may be granted (doc. no. 7 at 5). Defendants have also moved this Court to abstain due to the pending arbitration ( Id. at 8-12).

The Magistrate Judge recommended that the motion to dismiss be denied on

3

all grounds, and that abstention was not warranted because the present case and the arbitration were not sufficiently "parallel" (doc. no. 19 at 11, 14). Defendants filed written objections to the proposed 1) denial of abstention in light of the pending arbitration, and 2) denial of their motion to dismiss based on the doctrine of *forum non conveniens* (doc. no. 22 at 1). Plaintiff's counsel indicated at this Court's hearing on November 30, 2010, that he did not file a response to the objections because plaintiff agreed with the Report and Recommendation.

## II. Abstention

In their objections, Defendants argue that this Court should abstain from deciding this case. They cite <u>Colorado River Conservation Dist. v. United States</u>, 424 U.S. 800 (1976) in support. There, the United States Supreme Court held that "consideration of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." (<u>Id</u>. at 817). In the present case, no state case is currently pending, and thus, the interests of state-federal comity are not at stake. Although defendants urge extension of the rationale to the present situation, Defendants provides no authority that would require this Court to abstain from adjudicating the alleged defaults on the promissory notes while arbitration of separate employment issues proceeds. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." (<u>Id</u>. at 813).

The Sixth Circuit Court of Appeals has further explained that "[b]efore the *Colorado Doctrine* can be applied, the District Court must first determine that the

concurrent state and federal actions are actually parallel." Romine v. Compuserve Corp., 160 F.3d 337, 339 (6th Cir. 1998) (finding no abuse of discretion where trial court abstained because the underlying facts and causes of action were essentially identical in the state and federal proceedings).

The Magistrate Judge correctly pointed out that the California arbitration and the present case involve different causes of action, and thus, are not "parallel." The pending arbitration involves claims of wrongful discharge, breach of fiduciary duty, unfair business practices under California law, and other claims arising from the parties' employment and/or insurance broker relationship (doc. no. 7-4 at 2). Only the issue of whether the two promissory notes have been defaulted is before this Court. Defense counsel acknowledges that the "crux of [the arbitration] is not the notes themselves, which Defendants signed and for which they received funds." (doc. no. 22 at 4). In fact, although the First Amended Complaint in the arbitration asserts claims for breach of contract, it does not even mention the promissory notes as a basis for the claim (Id., Ex. B).

Defense counsel characterizes the pending arbitration as involving "the entire scope of the financial dealings between the parties, including expense reimbursement issues..." (doc. no. 22 at 3). Defense counsel indicates that the arbitration of those employment issues and business practices will determine "who owes whom and how much" (Id. at 4). Although the parties indicate that the amount due on the two allegedly defaulted promissory notes may provide a set-off to any potential award in the arbitration, the alleged default on the notes is a separate legal

5

matter from the causes of action being arbitrated. Even assuming that the Colorado River rationale could be extended to apply here, the Court agrees with the Magistrate Judge that defendants have not shown that the cases are sufficiently parallel to warrant abstention. Moreover, abstention under Colorado River would generally require a stay of proceedings rather than dismissal. See, e.g, Bates v. Van Buren, Tp., 122 Fed. Appx. 803, 808 (6th Cir. 2004).

### III.  *Venue and Forum Non Conveniens*

With respect to venue, 28 U.S.C. § 1391(a) provides in relevant part that a civil action founded on diversity of citizenship may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." The statute does not require venue in the district with the most substantial contacts to the action; rather, it is sufficient if a substantial part of the events or omissions occurred in the challenged venue. First of Michigan Corp. V. Bramlet, 141 F.3d 260, 263-64 (6th Cir. 1998) ("this includes any forum with a substantial connection to the plaintiff's claim"). The decision of whether to grant a change of venue lies within the sound discretion of the district court. Kay v. National City Mortg. Co., 494 F.Supp.2d 845, 849 (S.D. Ohio 2007).

Here, the parties negotiated the notes over the phone between Ohio and California, and upon execution of the notes, defendants sent them to Ohio. The parties agreed that payment on the notes would be made in Ohio and included a choice of law provision in the promissory notes specifying that Ohio law would apply (doc. no. 1, Ex. B, C). See Midwest Motor Supply Co., Inc. v. Kimball, 761

6

F.Supp. 1316, 1318 (S.D. Ohio 1991) (observing that diversity cases are generally decided by the court "most conversant with the applicable law"). The alleged breach of the notes resulted in damages to plaintiff in Ohio, and plaintiff chose to bring its action in this forum. Id. (affording "considerable weight" to plaintiff's choice of forum). The Court agrees with the Magistrate Judge's proposed finding that "a substantial portion of the events or omissions giving rise to the claim occurred in Ohio" (doc. no. 19 at 12), as well as the recommendation that venue is proper in the Southern District of Ohio. 28 U.S.C. § 1391(a).

With respect to defendants' objection on the basis of *forum non conveniens*, the Magistrate Judge correctly pointed out that transfer, rather than dismissal, would be the appropriate remedy. Title 28 U. S.C. § 1404(a) allows a district court to transfer a civil action to another district where it might have been filed "[f]or the convenience of the parties and witnesses, in the interests of justice . . ." In their objections, defendants confine their argument to seeking transfer, rather than dismissal (doc. no. 22 at 4, "In case the Court declines defendants' invitation to abstain, defendants request a transfer of this action to more convenient forum").

Defendants base their argument largely on the assertion that "witnesses regarding defendants' defenses" are located in California (doc. no. 22 at 4). Of course, the California forum would *not* be more convenient for the plaintiff's witnesses and employees located in Ohio. The Magistrate Judge correctly pointed out that most of plaintiff's witnesses and some of plaintiff's documentary evidence are located in Ohio at plaintiff's main office. A transfer which merely shifts the

7

inconvenience to a different party is generally not appropriate. <u>Copeland Corp. v. Choice Fabricators, Inc</u>., 492 F.Supp.2d 783, 789 (S.D. Ohio 2005), citing <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 645-646 (1964). It is further noted that the related removal case in California has already been dismissed for arbitration.

### IV. Remaining Grounds, No Objections

Although defendants fleetingly allege in their motion that the complaint fails to state a claim for which relief may be granted (doc. no. 7 at 5), the motion did not discuss why the complaints allegedly fails to do so. Fed.R.Civ.P. 12(b)(6). The Magistrate Judge pointed out that this was merely a bare assertion with no developed argument (doc. no. 19 at 14, fn. 4). Defendants have not objected to this part of the Report and Recommendation, thereby waiving further review of this issue. The Court agrees that defendants' allegation is conclusory and without merit.

Review of the complaint (doc. no. 1) reflects that it adequately sets forth the essential elements for claims of breach of contract under Ohio law, i.e. the existence of a contract between the parties, performance by plaintiff, breach by defendant, and resulting damages to plaintiff. See <u>Wells Fargo Bank, N.A. v. Sessley</u>, 188 Ohio App.3d 213, 228-29 (Ohio App. 10 Dist. 2010) (setting forth elements); <u>Siemaszko v. First Energy Nuclear Operating Co.</u>, 187 Ohio App.3d 437, 444 (Ohio App. 6 Dist. 2010) (same). Construing the complaint in the light most favorable to Plaintiff and accepting all well-plead allegations as true, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), the Court finds that Plaintiff's complaint states valid claims for relief.

Defendants' motion also urged dismissal for lack of personal jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(2). When a district court rules on a jurisdictional motion to dismiss without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in the light most favorable to plaintiff. <u>CompuServe, Inc. v. Patterson</u>, 89 F.3d 1257, 1262 (6th Cir. 1996). However, when the court holds an evidentiary hearing, plaintiff must prove jurisdiction by a preponderance of the evidence. <u>Youn v. Track, Inc.</u>, 324 F.3d 409, 417 (6th Cir. 2003). The plaintiff bears the burden of establishing the existence of jurisdiction. (<u>Id</u>).

Plaintiff indicates that the parties negotiated promissory notes on separate occasions by telephone or email between the parties' Ohio and California offices (doc. no. 13, Ex. B at ¶ 3 "Affidavit of Robert Verbryke, Second Vice President, Expense Management"). The parties executed one note for $200,000.00 on September 2, 2007 and a second note for $250,000.00 on January 22, 2009 (doc. no. 1, Ex. B, C). The defendants sent the executed notes to UC's Ohio office and received funds from UC pursuant to these promissory notes.

Plaintiff asserts that the defendants, while selling insurance products in California on behalf of their Ohio employer, "maintained daily contact with plaintiff's Ohio-situated employees and electronic systems in order to process daily policy applications, monitor underwriting, issue policies, and coordinate compensation earned" and that "Andraos, as Plaintiff's employee, managed the Branch which required virtual daily contact with Plaintiff's Ohio office to resolve the myriad of issues related to its day-to-day operations" (doc. no. 13 at 7). Mr. Andraos also made numerous trips to the UC main office in Ohio (<u>Id</u>., Ex. B "Affidavit" ¶ 11).

9

Subsequently, defendants allegedly failed to tender payment on the notes to plaintiff in Ohio, thereby damaging plaintiff in Ohio (doc. no. 1 at ¶ 11-12, 17, Ex, B, C).

The Court agrees with the Magistrate Judge that "[t]he aggregate of Defendants' actions show deliberate engagement in significant activities where the Defendants availed themselves of the privilege of conducting business in Ohio" (doc. no. 19 at 8-9). Plaintiff's causes of action arose out of their contacts in Ohio, and given the substantial connection between defendants and Ohio, it is reasonable for Ohio to exercise jurisdiction. Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968) (discussing factors for specific personal jurisdiction). The above facts also satisfy the requirement for general personal jurisdiction that the defendants have substantial, continuous, and systematic contacts with Ohio. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984); Crouch v. Honeywell Intern., Inc.,682 F.Supp.2d 788, 795-96 (W.D.Ky. 2010).[1]

The Court finds that the requirements for personal jurisdiction in Ohio, both specific and general, have been met here, and that the exercise of personal jurisdiction over defendants satisfies the requirements of Ohio's long-arm statute (Ohio Rev. Code § 2307.382) and constitutional due process. See Copeland Corp.,

---

[1] At the hearing on November 30, 2010, respective counsel argued their positions and updated the Court on recent developments regarding arbitration, but presented no testimony or additional evidence. The evidence before the Court thus consists of the exhibits attached to the briefs and pleadings. This evidence of record, including the notes and the affidavit of UC's Vice President, is sufficient for plaintiff to establish personal jurisdiction over defendants by a preponderance of the evidence. Hence, the Court need not belabor the issue of whether only a "prima facie" showing is required here.

492 F.Supp.2d at 787-89 (S.D. Ohio 2005) (finding that the exercise of personal jurisdiction over nonresident defendant in breach of contract action satisfied due process).

Defendants had sufficient contacts with Ohio to make it reasonable for Ohio to exercise jurisdiction. Defendants twice executed Ohio promissory notes for substantial sums of money, agreed that payment would be made in Ohio, allegedly caused damages in Ohio by defaulting, and agreed that the notes would be governed by Ohio law. Mr. Andraos had frequent contacts with his Ohio employer and visited UC's Ohio office numerous times on behalf of ACM. Hence, the exercise of personal jurisdiction over defendants will not offend "traditional notions of fair play and substantial justice." Youn, 324 F.3d at 417. Moreover, defendants did not object to the Magistrate Judge's recommendation that this Court has personal jurisdiction over them.

Accordingly, the Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge (doc. no. 19). Defendants' Motion to Dismiss (doc. no. 7) is DENIED. This matter is RECOMMITTED to the United States Magistrate for further proceedings according to law.

IT IS SO ORDERED.

    s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court